directions to hold a further evidentiary hearing as to the circumstances of appellant's failure to file post-trial motions. If the lower court shall find that appellant has knowingly and intelligently waived his right to file post-trial motions, it shall enter an order to that effect, thereby precluding appellant's right to further prosecute an appeal. If the court should find that he has not understandingly and intelligently waived his right to file post-trial motions, it shall permit appellant to file post-trial motions nunc pro tunc. If such motions are denied, it shall permit appellant to file an appeal nunc pro tunc, if appellant has not intelligently waived such rights. *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 222 A. 2d 427 (1966); *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968).

All proceedings in the appeal allowed at No. 461, Oct. T., 1968, are stayed, pending the determination of appellant's right to a direct appeal under the remand order filed above at No. 460, Oct. T., 1968.

## Commonwealth *v.* Powell, Appellant.

Submitted June 10, 1968. *James Powell,* appellant, in propria persona; *Walter W. Cohen* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Order affirmed.

## Commonwealth *v.* Richardson, Appellant.

Submitted June 10, 1968. *A. A. Guarino,* for appellant; *Roger F. Cox* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Order affirmed.

## Commonwealth *v.* Richardson, Appellant.

Submitted June 10, 1968. *William P. Richardson,* appellant, in propria persona; *Joseph R. Polito, Jr.,* Assistant District Attorney, and *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM: The order of the court below is vacated and the record remitted with instructions to grant petitioner's request, as an indigent, for production of a copy of the notes of testimony taken at the post-conviction hearing, and a copy of the court's opinion dismissing the post-conviction petition, in order to permit petitioner to prosecute an effective and adequate appeal. See *Griffin v. Illinois,* 351 U.S. 12 (1956); §12 of the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580 (19 PS §1180-12).

## Commonwealth *v.* Riddick, Appellant.

Argued June 14, 1968. *Mark S. Refowich,* with him *Thomas J. Maloney,* for appellant;